UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 5:16-cv-00950-CAS(DTBx) | Date | June 20, 2016 |
| Title | DUKE PARTNERS, LLC v. MICHAEL J WARDROP, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) - PLAINTIFF DUKE PARTNERS, LLC'S MOTION TO REMAND (Dkt. 7, filed May 24, 2016)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of June 27, 2016, is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION & BACKGROUND

On March 1, 2016, plaintiff Duke Partners LLC ("Duke Partners") filed an unlawful detainer action in the Riverside County Superior Court against *pro se* defendants Michael J. Wardrop and Martha S. Wardrop (collectively, "defendants"). Dkt. 1, Ex. A (Compl.). Duke Partners alleged that it purchased the real property located at 13123 Lone Stallion Lane, Corona, California at a foreclosure sale on February 3, 2016. Compl. ¶ 4, 8. Since the date of the foreclosure sale, defendants have allegedly occupied the premises without plaintiff's consent. Id. ¶ 10. Accordingly, on February 26, 2016, plaintiff served defendants with a written notice demanding that defendants deliver possession of the property within three days. Id. ¶ 12. More than three days have elapsed since, and plaintiffs have failed and refused to comply. Id. ¶ 13. In its complaint, Duke Partners asserts only a single claim for unlawful detainer under California law. See generally Compl.

On May 10, 2016, defendants removed this case to federal court, asserting federal question jurisdiction. Dkt. 1 (Notice of Removal). On May 24, 2016, plaintiff Duke

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         'O'       JS-6

| Case No. | 5:16-cv-00950-CAS(DTBx) | Date | June 20, 2016 |
|---|---|---|---|
| Title | DUKE PARTNERS, LLC v. MICHAEL J WARDROP, ET AL. | | |

Partners filed the instant motion to remand. Dkt. 7. Defendants have not filed an opposition in response to plaintiff's motion.[1]

## II. DISCUSSION

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261 (9th Cir. 1999). A defendant may remove a case to federal court if either the plaintiff's claim establishes a federal question, or if the court may properly exercise diversity jurisdiction. See 28 U.S.C. §§ 1331, 1332.

Defendants here assert in their Notice of Removal that the Court may exercise federal question jurisdiction over this action because "[p]laintiff's claim is based upon a notice which expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C. § 5201." Notice Removal ¶ 7. However, despite any such "reference[]" to federal law in plaintiff's complaint, a review of the complaint makes clear that this Court does not have federal question jurisdiction over the instant matter, which alleges only a simple claim for unlawful detainer. See Wescom Credit Union v. Dudley, No. CV 10-8203, 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); IndyMac Federal Bank, F.S.B. v. Ocampo, No. CV 09-2337, 2010 WL 234828, at *2 (C.D. Cal.

---

[1] Under Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7–12. See also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion); Holt v. I.R.S., 231 Fed. App'x. 557, at *1 (9th Cir. 2007) (same; and rejecting a pro se litigant's contention that the district court should have warned her of the consequences of failing to file an opposition). Accordingly, defendants' failure to file an opposition to the instant motion to remand provides grounds for granting the motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 5:16-cv-00950-CAS(DTBx) | Date | June 20, 2016 |
|---|---|---|---|
| Title | DUKE PARTNERS, LLC v. MICHAEL J WARDROP, ET AL. | | |

Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim).  Because plaintiff does not allege facts supporting federal question jurisdiction, this action could not have been brought in federal court, and removal was accordingly improper.  See 28 U.S.C. 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

The Court also notes that there is no merit to defendants' apparent contention that federal question jurisdiction exists because plaintiff allegedly violated certain notice requirements that may exist under federal law.  Notice of Removal ¶ 7.  It is well settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."  Caterpillar, 482 U.S. at 393.  Thus, to the extent defendants' defenses to the unlawful detainer action are based upon alleged violations of federal law, any such defenses do not provide a basis for federal question jurisdiction.  See id.  Because plaintiff's complaint does not present a federal question, either on its face or as artfully pled, the court lacks jurisdiction under 28 U.S.C. § 1331.

## III.   CONCLUSION

In accordance with the foregoing, the Court hereby **GRANTS** plaintiff's motion to remand this case to the Riverside County Superior Court.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |